IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANE DOE,[1]   No. CIV S-08-2091-CMK-P

    Plaintiff,

  vs.   ORDER

CHASTAN, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On December 29, 2008, the court dismissed plaintiff's complaint with leave to file a first amended complaint within 30 days.  On January 28, 2009, plaintiff filed a "response" to the court's order, arguing that the original complaint should not have been dismissed.  The court construes plaintiff's January 28, 2009, filing as a motion for reconsideration of the court's December 29, 2008, order.

/ / /

---

[1] Plaintiff states that she is a male-to-female transsexual and asks the court to refer to her as "Jane Doe" in order ". . . to protect her from inmates that may target her as a prisoner that has been infected with AIDS from a prisoner rape."

1

      Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id. Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these ground must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

      The court finds that none of these grounds justifies reconsideration of the court's December 2008 order. Plaintiff may incorporate the arguments raised in his January 2009 filing in his first amended complaint. Plaintiff is again cautioned that failure to file a first amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110.

      Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's January 28, 2009, filing is construed as a motion for reconsideration of the court's December 29, 2008, order and, so construed, is denied; and

    2.    Plaintiff shall file a first amended complaint within 30 days of the date of this order.

DATED: February 17, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE