**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JANE DOE,[1]                                        No. CIV S-08-2091-CMK-P

        Plaintiff,

   vs.                                        ORDER

CHASTAN, et al.,

        Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

to 42 U.S.C. § 1983.  On February 17, 2009, the court directed plaintiff to file a first amended

complaint within 30 days and warned plaintiff that the failure to comply could result in dismissal

of this action.  To date, plaintiff has not complied.

/ / /

/ / /

/ / /

---

    [1]    Plaintiff states that she is a male-to-female transexual and asks the court to refer to her as "Jane Doe" in order ". . . to protect her from inmates that may target her as a prisoner that has been infected with AIDS from a prisoner rape."

1    The court must weigh five factors before imposing the harsh sanction of

2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13  1260-61 (9th Cir. 1992).

14          Having considered these factors, and in light of plaintiff's failure to resolve the

15  fee status for this case as directed, the court finds that dismissal of this action is appropriate.

16          Based on the foregoing, plaintiff shall show cause in writing, within 30 days of

17  the date of this order, why this action should not be dismissed, without prejudice, for lack of

18  prosecution and failure to comply with court rules and orders.

19          IT IS SO ORDERED.

20

21   DATED:  April 13, 2009

22
                                        _____
23                                       **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE
24

25

26

                                          2